**William Wesley OLIPHANT, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 17213.**

United States Court of Appeals
Eighth Circuit.

April 17, 1963.

William Wesley Oliphant, No. 64665 is incarcerated in the U. S. Penitentiary, and filed typewritten brief.

F. Russell Millin, U. S. Atty., Kansas City, Mo., and Clifford M. Spottsville, Asst. U. S. Atty., filed brief of appellee.

Before SANBORN and BLACKMUN, Circuit Judges, and STEPHENSON, District Judge.

SANBORN, Circuit Judge.

This is an appeal in forma pauperis by William Wesley Oliphant, an inmate of the United States Penitentiary at Leavenworth, Kansas, from an order denying his motion under 28 U.S.C. § 2255 for the vacation of the sentence he is presently serving. The sentence, which was twenty years' imprisonment, was imposed on January 15, 1948, by the District Court, upon the defendant's waiver of indictment and his entry of a plea of guilty to an information in two counts. The first count, in the following language, charged a violation of the Federal Kidnaping Act, 18 U.S.C., 1940 Ed., § 408a,[1] now 18 U.S.C. § 1201:

"On or about January 7, 1948, at Kansas City, Missouri, one William

---

1. § 408a. "Whoever shall knowingly transport or cause to be transported, or aid or abet in transporting, in interstate or foreign commerce, any person who shall

Wesley Oliphant, whose name other than as stated herein is to the Grand Jury unknown, did unlawfully and feloniously transport and aid and abet in transporting, in interstate commerce from Kansas City, Missouri to a point in Johnson County, Kansas, near 92nd Street and Lee Boulevard, one Lowell L. Knipmeyer, which said person so transported as aforesaid had been unlawfully seized, confined, decoyed, kidnapped, carried away, and held for the purpose of robbery, all of which the said William Wesley Oliphant well knew and intended; and that said kidnapped person become [sic] sometime thereafter liberated unharmed in Johnson County, Kansas, after having been seized, confined, decoyed, kidnapped, carried away, held, transported and robbed, as aforesaid."

The second count of the information charged Oliphant with having, at the same time, transported a stolen automobile in interstate commerce, in violation of the Dyer Act, 18 U.S.C., 1940 Ed., § 408. The sentence imposed by the court under the first count was twenty years' imprisonment, and that imposed under the second count was five years' imprisonment, the sentences to be served concurrently.

Rule 7(a) of the Federal Rules of Criminal Procedure, which was in force at the time the information against Oliphant was filed, provides:

"An offense which may be punished by death shall be prosecuted by indictment. An offense which may be punished by imprisonment for a term exceeding one year or at hard labor shall be prosecuted by indictment or, if indictment is waived, it may be prosecuted by in-

formation. Any other offense may be prosecuted by indictment or by information. An information may be filed without leave of court."

Under this Rule, as well as under the Fifth Amendment, capital offenses can be prosecuted by indictment only. By virtue of the Rule, noncapital offenses may be prosecuted by information if indictment is waived by an accused.

Oliphant contends that under the teaching of Smith v. United States, 360 U.S. 1, 79 S.Ct. 991, 3 L.Ed.2d 1041, the violation of the Federal Kidnaping Act of which he was accused could be prosecuted by indictment only, and that his waiver of indictment and consent to be prosecuted by information conferred no power upon the court to sentence him upon his plea of guilty to the kidnaping offense charged against him in the information.

Judge Duncan, who sentenced Oliphant in 1948, and denied his motion under § 2255 for the vacation of his sentence, ruled that the sentence was valid and that the Smith case was inapplicable. We are in accord.

Smith, after waiving indictment and consenting to be charged by information with kidnaping, entered a plea of guilty. The information failed to state whether Smith's victim was released harmed or unharmed. The Supreme Court held that the offense stated in the information was one under which Smith might have been punished by death, and that therefore it could be charged only by indictment. In the course of its opinion, the Supreme Court said (page 8 of 360 U.S., page 996 of 79 S.Ct.):

"The Courts of Appeals which have been concerned with the statute have uniformly construed it to create

have been unlawfully seized, confined, inveigled, decoyed, kidnaped, abducted, or carried away by any means whatsoever and held for ransom or reward or otherwise, except, in the case of a minor, by a parent thereof, shall, upon conviction, be punished (1) by death if the verdict of the jury shall so recommend, provided that the sentence of death shall not be

imposed by the court if, prior to its imposition, the kidnaped person has been liberated unharmed, or (2) if the death penalty shall not apply nor be imposed the convicted person shall be punished by imprisonment in the penitentiary for such term of years as the court in its discretion shall determine: * * *."

the single offense of transporting a kidnapping victim across state lines. We agree with this construction. Under the statute, that offense is punishable by death if certain proof is introduced at trial. When an accused is charged, as here, with transporting a kidnapping victim across state lines, he is charged and will be tried for an offense which *may* be punished by death. Although the imposition of that penalty will depend on whether sufficient proof of harm is introduced during the trial, that circumstance does not alter the fact that the offense itself is one which *may* be punished by death and thus must be prosecuted by indictment. In other words, when the offense as charged is sufficiently broad to justify a capital verdict, the trial must proceed on that basis, even though the evidence later establishes that such a verdict cannot be sustained because the victim was released unharmed. * * * "

In the instant case, not only was "the offense as charged" in the information not "sufficiently broad to justify a capital verdict", but the information, as drawn, precluded any possibility of such a verdict. The suggestion by Oliphant that, under the count of the information charging him with kidnaping, evidence that he had not released his victim unharmed would have been admissible despite the allegation to the contrary, is obviously untenable. The information could not have been so amended as to make such evidence admissible, since Rule 7(e) of the Federal Rules of Criminal Procedure provides:

> "The court may permit an information to be amended at any time before verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced."

The kidnaping offense with which Oliphant was charged in the information was no more a capital offense than was his alleged violation of the Dyer Act.

By his waiver of indictment and his voluntary plea of guilty, he effectually convicted himself of the noncapital offenses charged in the information.

Oliphant has called our attention to the unreported case of Hearn v. United States, No. 26931, in which on September 21, 1962, the United States District Court for the Eastern District of Missouri, in reliance on Smith v. United States, supra, vacated the sentence of Hearn, which had been based on his plea of guilty to an information charging him with kidnaping. It appears that the information in the Hearn case was like that involved in the Smith case, and did not state that the victim of the kidnaping was released unharmed. The Hearn case is therefore of no help to Oliphant.

The order appealed from is affirmed.